UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 04-CR-80829
    Case No. 06-CV-15246

JESSE SIMMONS,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE**

Pending before the court is Defendant Jesse Simmons's motion to vacate sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

On November 3, 2004, a federal grand jury returned an indictment against Defendant charging him being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On January 6, 2005 Defendant entered into a Rule 11 plea agreement, in which he pled guilty to the single count of the indictment. As part of the agreement, the parties stated that "the parties recommend to the Court that a sentence of imprisonment within the range of 70 - 87 [months] to be followed by a term of supervised release of between 2 to 3 years, is an appropriate disposition of the case." (Plea Agreement at ¶ 2(A).) The presentence investigation report was prepared and no substantive objections were filed by either party. On April 26, 2005, the court sentenced Defendant to serve a sentence of 87 months and the judgment was entered on May 2,

2005.  Defendant did not file a direct appeal, but filed the motion presently before the court on November 27, 2006.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  The defendant must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255.  28 U.S.C. § 2255.  The limitation period runs from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## III.  DISCUSSION

In his motion, Defendant alleges that his court-appointed attorney provided ineffective assistance by failing to file a timely direct appeal upon being requested to do so by Defendant.

Before exploring the merits, if any, of Defendant's motion, the court must consider as an initial matter whether Defendant's motion is timely under 28 U.S.C. § 2255.  The government in response to the petition argues persuasively that it is not.

As noted above, one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255.  In this case, Defendant's one year period to file his § 2255 motion expired on May 15, 2006, one year and ten days after the May 2, 2005, entry of his judgment.[1]  Having filed his motion on November 27, 2007, Defendant's motion came more than six months after that deadline had expired, and is untimely under § 2255. [2]

---

[1] "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1)." *Sanchez-Castellano v. United States.*, 358 F.3d 424, 427 (6th Cir. 2004).

[2] Equitable tolling in some cases may be appropriate in permitting late filing. In such cases, the court "must consider: 1) the petitioner's lack of notice or constructive notice of the filing requirement; 2) the petitioner's diligence in pursuing his rights; 3) the absence of prejudice to the respondent; and 4) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *King v. United States*, 63 F. App'x 793, 795 (6th Cir. 2003) (citing *Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir. 1988)).  Defendant has neither argued that he is entitled to equitable tolling nor presented any facts or circumstances that might lead to equitable tolling.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the clerk of the court is DIRECTED to close the above-captioned matters (Case Nos. 04-CR-80829 & 06-CV-15246).


      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  April 16, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 16, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522